IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10520
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK HINSLEY NUNEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-253-1-A
--------------------
December 5, 2001

Before JOLLY, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:*

Frank Hinsley Nunez appeals his guilty-plea conviction and sentence for possession with the intent to distribute a mixture and substance containing methamphetamine and for distribution of methamphetamine, in violation of 21 U.S.C. § 841. Nunez argues that 21 U.S.C. § 841 is unconstitutional, both facially and as applied in his case. He bases his arguments on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

For the first time on appeal, Nunez argues that the enhancement of his sentence based on his prior felony drug convictions violates Apprendi because the fact of those

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions was not charged in the indictment and proven beyond a reasonable doubt.  Nunez's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235-47 (1998), which held that the fact of a prior conviction is a sentencing factor.  Apprendi did not overrule Almendarez-Torres, but instead carved out an exception which preserved the holding in that case. 530 U.S. at 489-90.  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation omitted), cert. denied, 121 S. Ct. 1214 (2001).

Nunez also argues for the first time on appeal that Apprendi limited the exception created for prior convictions to cases where the defendant admits those convictions on the record. Although Apprendi refers to the fact that the defendant in Almendarez-Torres did not challenge the accuracy of his prior convictions, nowhere does Apprendi limit Almendarez-Torres to cases where a defendant admits his prior aggravated felony convictions on the record.  530 U.S. at 488-90.  Nunez's argument is without merit.  The district court did not err, let alone plainly err, by enhancing Nunez's sentence under 21 U.S.C. § 841 based on his prior felony drug convictions.

Finally, Nunez argues that 21 U.S.C. § 841 was rendered facially unconstitutional by Apprendi.  Nunez's argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 581-82 (5th Cir. 2000)(revised opinion), cert. denied, 121 S. Ct. 2015 (2001), which rejected a broad, Apprendi-based, attack on the

constitutionality of 21 U.S.C. §§ 841(a) and (b).  A panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court. Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  Nunez has identified no such decision.

In lieu of filing an appellee's brief, the Government has filed a motion asking us to dismiss this appeal or, in the alternative, to summarily affirm the district court's judgment. Nunez opposes the motion.  The Government's motion to dismiss is DENIED.  The motion for a summary affirmance is GRANTED.  The Government need not file an appellee's brief.

MOTION TO DISMISS DENIED; MOTION FOR SUMMARY AFFIRMANCE GRANTED; AFFIRMED.